UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BINKLEY,

    Plaintiff,

CASE NO. 1:09-CV-203

v.

HON. ROBERT J. JONKER

APCOMPOWER, INC., f/n/a
ABB COMBUSTION ENGINEERING
SERVICES, INC., a foreign
Corporation,

    Defendant.
_____/

## OPINION AND ORDER

The Court flagged a potential subject matter jurisdiction issue at the Rule 16 conference in this matter; namely, on the question whether Plaintiff Randy Binkley is a citizen and domiciliary of Florida or Michigan. The Court invited the parties to submit briefs. Defendant APComPower, Inc. responded to this Court's invitation and filed a memorandum with the Court regarding jurisdiction (docket # 15). Plaintiff Randy Binkley declined to submit a memorandum and has not responded to APComPower's brief. The unrebutted evidence submitted by APComPower is sufficient to establish that Mr. Binkley is a citizen and domiciliary of the State of Florida. Accordingly, the Court finds that it has jurisdiction to hear this action.

## BACKGROUND

Mr. Binkley filed suit in Michigan court against his employer, APComPower, Inc., and his supervisor, Mr. Larry Kelly, alleging that they violated Michigan law by retaliating against him for filing a worker's compensation claim and seeking worker's compensation benefits. It is undisputed

that Mr. Kelly is a citizen of Michigan[1] and APComPower is a citizen of Delaware and Connecticut. The state of Mr. Binkley's citizenship is in dispute. His complaint, which alleges activities that occurred between 2002 and 2006, alleges that he "was at all times hereto a resident of Ottawa County, Michigan." The Summons issued with his complaint in 2009 attests that he is now a resident of St. John's County, Florida. Additionally, Mr. Binkley possesses a Florida driver's license with an address in St. John's County. Neither Mr. Binkley's complaint nor the Summons makes an affirmative statement regarding Mr. Binkley's citizenship, as distinct from his residence.

APComPower removed this action to federal court on March 9, 2009, on the basis of diversity jurisdiction. APComPower asserted that Mr. Binkley is a citizen of Florida and that complete diversity existed among the parties. Mr. Binkley has not contested these claims, but because the Court flagged the issue, and because subject matter jurisdiction is foundational, the Court addresses the issue in a formal opinion.

## ANALYSIS

The question is whether Mr. Binkley was a citizen of Michigan or Florida at the time the complaint was filed. *See Curry v. U.S. Bulk Trans., Inc.*, 462 F.3d 536, 539-40 (6th Cir. 2006) ("The general rule is that diversity is determined at the time of the filing of a lawsuit."). A federal district court has diversity jurisdiction only if there is complete diversity of the parties. *See Bateman v. E.I.*

---

[1] A local defendant cannot ordinarily remove an action based only on diversity of citizenship, but in this case the local defendant rule does not apply because Mr. Binkley never served Mr. Kelly, and because the parties have stipulated to dismiss Mr. Kelly. 28 U.S.C. § 1441(b); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). Even so, complete diversity of all named parties, including unserved, unidentified, and subsequently dismissed parties, is essential to establish the Court's diversity jurisdiction over this removed action. *Curry v. U.S. Bulk Trans., Inc.*, 462 F.3d 536, 539-40 (6th Cir. 2006); *see McCall*, 239 F.3d at 813 n.2. Accordingly, the citizenship of Mr. Binkley matters.

*DuPont De Nemours & Co.*, 7 F. Supp. 2d 910, 911 (E.D. Mich. 1998). Accordingly, if Mr. Binkley was a citizen of Michigan at the time the action was filed, then there is not complete diversity between Mr. Binkley and Mr. Kelly, and this Court lacks jurisdiction to consider this case. *See id.* If Mr. Binkley was a citizen of Florida, then the Court has jurisdiction to consider this action. *See id.*

Complete diversity of citizenship hinges on a party's domicile, not his residence. *Id.* Domicile requires two things: (1) physical presence at a location and (2) the intent to remain there indefinitely "or the absence of any intention to go elsewhere." *Id.* (quotation omitted). Domicile is "distinguished from a residence by the 'permanency and scope' of a party's presence." *Id.* at 912. A person's domicile is "the place where a person dwells and which is the center of his domestic, social, and civil life." *Id.* (quotation omitted). Residence obviously is an important part of domicile. Indeed, "[p]roof that a party to the suit is a resident of a state is prima facie evidence that he is a citizen thereof." *Humphrey v. Fort Knox Transit Co.*, 58 F. Supp. 362, 364 (D.C. Ky. 1945). If the party resides in more than one location, a court must determine the party's domicile by considering the party's intent and the "entire course" of the party's conduct. *See Bateman*, 7 F. Supp. 2d at 912. A court should consider, among other items of evidence,

> the place where civil and political rights are exercised, taxes paid, real and personal property located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment, whether the party rents or owns his residence, how permanent the living arrangement appears, affiliations with social organizations, locations of the party's physician, lawyer, accountant, dentist, stockbroker, and other service providers.

*Id.*

Here, the unrebutted evidence offered is sufficient to establish the fact that Mr. Binkley was a citizen and domiciliary of the State of Florida at the time he filed his complaint. The Summons issued by Mr. Binkley in the case attests that Mr. Binkley was, at the time he filed this complaint, a resident of St. Johns, Forida. This alone is prima facie evidence that Mr. Binkley is a citizen of Florida. *See id.* at 911; *Humphrey*, 58 F. Supp. at 364. Mr. Binkley has submitted no evidence that contradicts this conclusion, despite this Court's invitation to do so. Nor has Mr. Binkley offered evidence that he is a citizen of Michigan. To the contrary, Mr. Binkley's complaint covers the 2002 through 2006 time frame, and only in that context does Mr. Binkley assert Michigan residence. The implication of this, particularly when coupled with his affirmative statement of Florida residence at the time of filing in 2009, is that Mr. Binkley's actual domicile was in Florida by the time of filing. *See Curry*, 462 F.3d at 540; *Bateman*, 7 F. Supp. 2d at 911. The evidence submitted by APComPower, including Mr. Binkley's possession of a Florida driver's license with a St. John's county address, further supports the conclusion that Mr. Binkley was a citizen and domiciliary of Florida at the time he filed this complaint.

Accordingly, the Court finds that Mr. Binkley was a citizen of Florida at the time he filed the complaint in this action and at the time APComPower removed this action to this Court. The Court therefore has subject matter jurisdiction over this case.

**IT IS SO ORDERED**.


Dated:   October 5, 2009         /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE